IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Citadel Investment Group, L.L.C. and KCG IP Holdings LLC, | ) ) ) Civil Action No. _____ |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Citadel Capital Inc., | ) ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs Citadel Investment Group, L.L.C. ("Citadel Investment") and KCG IP Holdings LLC ("KCG," and collectively with Citadel Investment, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against defendant Citadel Capital Inc. ("Citadel Capital") seeking relief pursuant to 15 U.S.C. § 1125(d)(1) for Citadel Capital's bad-faith registration and use of the domain name <citadelcapitalinc.com> (the "Infringing Domain Name"). In addition, Plaintiffs state a cause of action against Citadel Capital for trademark infringement and unfair competition under the Lanham Act, common law trademark infringement and unfair competition, and intentional interference with prospective economic advantage.

**SUMMARY OF ACTION**

1. This action involves Citadel Capital's misappropriation and infringement of KCG's federally-registered trademarks for investment and financial services, for which Citadel Investment is a licensee and user in interstate commerce.

2. Specifically, this is an action for cybersquatting under 15 U.S.C. § 1125(d) (the "ACPA"), trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. §

1125(a), trademark infringement and unfair competition under the common law of the State of Illinois, and intentional interference with prospective economic advantage under the common law of the State of Illinois. Plaintiffs seek permanent injunctive relief, attorneys' fees, costs and statutory damages.

## THE PARTIES

3. Plaintiff Citadel Investment is a Delaware limited liability company with its principal place of business located at 131 South Dearborn Street, Chicago, Illinois 60603.

4. Plaintiff KCG is a Delaware limited liability company with its principal place of business located at 131 South Dearborn Street, Chicago, Illinois 60603.

5. Defendant Citadel Capital is located at 2005 South Meyers Road, Apartment 123, Oakbrook Terrace, Illinois, 60181, and it is responsible for registering the Infringing Domain Name. Attached hereto as **Exhibit 1** is a true and correct copy of the WHOIS record for the Infringing Domain Name showing, *inter alia*, Defendant Citadel Capital's address. Citadel Capital is registered as a corporation to do business with the Illinois Secretary of State. Attached hereto as **Exhibit 2** is a true and correct printout from the Illinois Secretary of State's website showing, *inter alia*, Defendant Citadel Capital's registration for incorporation with the Illinois Secretary of State.[1]

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Citadel Capital under 735 ILCS 5/2-209(b)(3) because Citadel Capital is a corporation organized under the laws of the State of Illinois and has an office located in this judicial district.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 15 U.S.C. § 1121 because the action involves a federal question, including causes of

---

[1] Defendant's current status with the Illinois Secretary of State is "Not Good Standing." *See* **Exhibit 1**.

action under the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)) and the Lanham Act (15 U.S.C. § 1114 and 1125(a)). This Court has subject matter jurisdiction over the remaining common law claims under 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), as Citadel Capital is subject to personal jurisdiction and thus resides in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiffs' Trademarks and Domain Name

9. Citadel Investment was founded in 1990 and, since then, has grown into one of the world's largest and most sophisticated investment institutions. Citadel Investment employs more than one thousand professionals worldwide and has offices in New York, Chicago, San Francisco, London, and Hong Kong. Its investors include endowments, pension funds, foundations and other institutional investors, as well as high net worth individuals. Currently, Citadel Investment manages more than $11 billion in investment capital.

10. Citadel Investment has sought to protect its investment in its brand by, among other things, having certain trademarks registered with the United States Patent and Trademark Office. Citadel Investment's affiliated company, KCG, has obtained federal registrations for the marks CITADEL and Design (Reg. No. 2,812,459); and CITADEL (Reg. No. 3,213,943) (collectively the "CITADEL Trademarks"). These federal trademark registrations are summarized in the following table:

| Trademark | Registration No. | Services |
|---|---|---|
| Citadel and Design | 2,812,459 | Providing investment management services, investment consultation and advice, investment portfolio management services, investment brokerage services, mutual fund investment services, and investment of funds for others. |
| Citadel | 3,213,943 | Providing investment management services, investment consultation and advice, investment |

|  | portfolio management services, investment brokerage services, mutual fund investment services, and investment of funds for others. |
|---|---|

11. True and correct copies of the CITADEL Trademark registration certificates as maintained by the USPTO are collectively attached hereto as **Exhibit 3**.

12. Citadel Investment has used and continues to use the CITADEL Trademarks in interstate commerce under license from KCG in association with the services listed in the above-identified registrations.

13. The CITADEL and Design trademark prominently features the name "CITADEL" next to a stylized castle design, as shown below:



14. The CITADEL Trademarks are highly distinctive and arbitrary trademarks used in association with Citadel Investment's investment services.

15. Citadel Investment has provided investment management, consultation and brokerage fund services since 1990 and has been using the CITADEL Trademarks in connection with such services since at least 1994. Citadel Investment spends substantial sums promoting its CITADEL brand and incorporates the CITADEL Trademarks, which include marks covering the word "Citadel," a stylized CITADEL and castle design mark and the mark "Citadel Solutions," into its website, client mailings, and investor materials, which prominently associate the CITADEL Trademarks with Citadel Investment's investment services. Plaintiffs have invested heavily in the CITADEL Trademarks, including expending resources on enforcement actions, as well as investment in building a reputation for high-quality investment and financial services.

As a result, the CITADEL trademarks are valuable assets of Plaintiffs and represent Plaintiffs' substantial goodwill and good reputation.

16. In addition to their rights in the CITADEL Trademarks based on federal registration, Plaintiffs own substantial common law rights in and to the CITADEL Trademarks, based on many years of use of those trademarks throughout the United States, in association with their investment and financial services.

17. As a result of Citadel Investment's substantial expenditures over many years in promoting the services offered under the CITADEL Trademarks, members of the trade and public in the United States, including members of the U.S. financial and investment markets, have come to recognize the CITADEL trademarks as representing Citadel Investment and its financial and investment services.

18. Citadel Investment also owns the domain name <citadelgroup.com>, and operates a website which is accessible at the URL http://www.citadelgroup.com.

**Citadel Capital's Bad-Faith Registration and Use of the Infringing Domain Name**

19. Long after Plaintiffs' federally-registered CITADEL Trademarks became well known throughout the United States, Citadel Capital registered the Infringing Domain Name with the Internet registrar GoDaddy.com, Inc. By virtue of its <.com> top level domain extension, the Infringing Domain Name resides in the VeriSign, Inc. ("VeriSign") <.com> registry.

20. Upon information and belief, without any intellectual property rights in the CITADEL Trademarks, Citadel Capital registered the Infringing Domain Name with the bad-faith intent to profit from the goodwill and value associated with the CITADEL Trademarks.

21.     Citadel Capital registered the Infringing Domain Name with at least constructive notice, and, upon information and belief, full knowledge, of Plaintiffs' rights in the CITADEL Trademarks.

22.     Citadel Capital has had constructive notice of Plaintiffs' rights in the CITADEL Trademarks since at least February 10, 2004 resulting from KCG's federal registrations for those marks, and has had actual notice of Plaintiffs' trademark rights since at least as early as October 2008.

23.     On October 3, 2008, Plaintiffs served a demand letter upon Citadel Capital that Citadel Capital refrain from using the CITADEL Trademarks in conjunction with the Infringing Domain Name, a true and correct copy of which is attached hereto as **Exhibit 4**.  That demand was completely ignored.

24.     Because of Citadel Capital's knowledge of Plaintiffs' prior rights in and to the CITADEL Trademarks, its use of the confusingly similar "Citadel Capital" name was and is willful and intentional.

25.     By registering and using the Infringing Domain Name, Citadel Capital seeks to confuse Plaintiffs' customers and to divert them to competing financial management products and services offered at the websites associated with the Infringing Domain Name.

26.     The conduct of Citadel Capital as described herein is likely to cause confusion and/or mistake, and to deceive consumers by leading them to believe, falsely, that Citadel Capital is affiliated with, related to, sponsored by or connected with Plaintiffs.  The conduct of Citadel Capital described herein is also likely to cause confusion regarding the existence of an affiliation or connection between Citadel Capital and Plaintiffs.

27. The Infringing Domain Name incorporates Plaintiffs' CITADEL trademark in its entirety. Thus, the Infringing Domain Name is itself confusingly similar to, and dilutive of, Plaintiffs' CITADEL Trademarks.

28. The Infringing Domain Name is currently associated with a pay-per-click website that features links to Plaintiffs' competitors and/or links to other websites that advertise or sell competing products and services.

29. For example, the links prominently presented to an Internet user navigating to the homepage at <citadelcapitalinc.com> advertise a number of business that purport to offer asset management, brokerage, and other financial products services. A true and correct printout of the website associated with the Infringing Domain Name is attached hereto as **Exhibit 5**.

30. Citadel Capital is not affiliated with Plaintiffs, and it is not authorized to use Plaintiffs' trademarks or to profit from the goodwill Plaintiffs have generated in the CITADEL Trademarks. Citadel Capital has no legitimate reason to use Plaintiffs' trademarks in connection with its online commercial activities.

31. Citadel Capital registered to do business with the Office of the Illinois Secretary of State under the corporate name "Citadel Capital Inc." in bad-faith so as to confuse consumers as to the sponsorship, ownership, affiliation, or connection of Citadel Capital's business with that of Plaintiffs' businesses.

32. Unless Citadel Capital is enjoined from further infringement of the CITADEL Trademarks, Citadel Capital will continue to trade on the goodwill that Plaintiffs have developed in the CITADEL Trademarks, thereby causing irreparable harm, damage and injury to Plaintiffs for which they have no adequate remedy at law.

## COUNT I
### Cybersquatting Under the Anticybersquatting Consumer Protection Act
### Against Citadel Capital
### (15 U.S.C. § 1125(d)(1))

33. Plaintiffs reallege and incorporate by reference paragraphs 1-32 as if fully set forth herein.

34. The Infringing Domain Name is identical or confusingly similar to Plaintiffs' CITADEL Trademarks.

35. The CITADEL Trademarks were distinctive at the time Citadel Capital registered the Infringing Domain Name.

36. Citadel Capital registered, trafficked in, and/or used the Infringing Domain Name with a bad faith intent to profit from Plaintiffs' CITADEL Trademarks.

37. Citadel Capital's activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

38. As a result of Citadel Capital's willful and intentional actions, Plaintiffs have been damaged in an amount to be proven at trial.

39. Citadel Capital's registration, trafficking in, and/or use of the Infringing Domain Name has caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage and injury to Plaintiffs.

40. Plaintiffs have no adequate remedy at law.

## COUNT II
### Trademark Infringement Under the Lanham Act
### (15 U.S.C. § 1114)

41. Plaintiffs reallege and incorporate by reference paragraphs 1-32 as if fully set forth herein.

42. This is a claim for infringement of the CITADEL Trademarks.

43. KCG is the owner of all right, title and interest in and to the CITADEL Trademarks, of which Citadel Investment is a licensee.

44. Citadel Capital's use in commerce of the "Citadel Capital" designation, as described herein, constitutes a reproduction, copying, and colorable imitation of the registered CITADEL Trademarks, in connection with the offering for sale and advertising of Citadel Capital's services, in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

45. Citadel Capital's conduct as described herein is likely to cause, confusion, mistake, and/or to deceive the purchasing public and others, whereby purchasers and others would be led to believe, incorrectly, that Citadel Capital is affiliated with, related to, sponsored by or connected with Plaintiffs, in violation of 15 U.S.C. § 1114(1).

46. Despite its actual and constructive knowledge of KCG's ownership of the CITADEL Trademarks and the prior use by Citadel Investment of the marks that are the subject of such registrations, Citadel Capital has willfully adopted and used the confusingly similar "Citadel Capital" designation without Plaintiffs' authorization or consent.

47. Citadel Capital's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiffs.

48. Plaintiffs have no adequate remedy at law.

## COUNT III
### Unfair Competition Under the Lanham Act
### (15 U.S.C. § 1125(a))

49. Plaintiffs reallege and incorporate by reference paragraphs 1-32 as if fully set forth herein.

50. Plaintiffs have spent substantial sums in promotion and generated substantial revenues in association with their investment services provided under the CITADEL

Trademarks. The distinctive CITADEL Trademarks have become impressed upon the minds of the trade and public as identifying Plaintiffs' investment services, and indicate the source of origin of such services provided in association with the CITADEL Trademarks as emanating from Plaintiffs. Plaintiffs have built-up a large and valuable business in the use of the CITADEL Trademarks, and the reputation and goodwill in those marks is of great value to Plaintiffs.

51. Citadel Capital's conduct as described herein constitutes use of a false designation of origin and/or a false or misleading description or representation of fact on or in connection with its services which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Citadel Capital with Plaintiffs, and/or as to the origin, sponsorship or approval of Citadel Capital's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Citadel Capital's conduct as described herein also constitutes an attempt to trade on the goodwill that Plaintiffs have developed in the CITADEL Trademarks, all to the damage of Plaintiffs.

52. Citadel Capital's use in commerce of designations which are confusingly similar to the CITADEL Trademarks, despite its having actual and constructive notice of Plaintiffs' prior rights in and to the CITADEL Trademarks, constitutes intentional conduct by Citadel Capital to make false designations of origin and false descriptions about its services and commercial activities.

53. Citadel Capital has caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage and injury to Plaintiffs.

54. Plaintiffs have no adequate remedy at law.

## COUNT IV
### Trademark Infringement Under Common Law

55. Plaintiffs reallege and incorporate by reference paragraphs 1-32 as if fully set forth herein.

56. Citadel Capital's conduct complained of herein is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Citadel Capital with Plaintiffs, and as to the origin, sponsorship or approval of Citadel Capital's services, in violation of the common law of the State of Illinois.

57. Citadel Capital's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage and injury to Plaintiffs.

58. Plaintiffs have no adequate remedy at law.

## COUNT V
### Unfair Competition Under Common Law

59. Plaintiffs reallege and incorporate by reference paragraphs 1-32 as if fully set forth herein.

60. Citadel Capital's conduct complained of herein constitutes misappropriation of valuable property rights of Plaintiffs and trades on the goodwill symbolized by the distinctive CITADEL Trademarks, and is likely to confuse and deceive members of the purchasing public.

61. By virtue of such conduct, Citadel Capital has engaged in unfair competition in violation of the common law of the State of Illinois.

62. Citadel Capital's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage and injury to Plaintiffs.

63. Plaintiffs have no adequate remedy at law.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs Citadel Investment Group, L.L.C. and KCG IP Holdings LLC respectfully request that this Court enter an order for Plaintiffs and against Defendant granting Plaintiffs the following relief:

(a) A permanent injunction restraining and enjoining Citadel Capital, its principals, officers, directors, agents, servants, and employees, as well as any successors and/or assigns of Citadel Capital and all those acting in privity, concert or participation with Citadel Capital, from:

i. imitating, copying, duplicating or otherwise making any use of the CITADEL Trademarks or any mark confusingly similar to the CITADEL Trademarks;

ii. manufacturing, producing, distributing, circulating, selling or otherwise disposing of any product or material which bears any copy or colorable imitation of the CITADEL Trademarks;

iii. using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product or service advertised, promoted, offered or sold by Citadel Capital is sponsored, endorsed, connected with, approved or authorized by Plaintiffs;

iv. causing likelihood of confusion or injury to Plaintiffs' business reputation and to the distinctiveness of the CITADEL Trademarks by unauthorized use of the same;

v. operating any website associated with, using, linking to, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Name or any other domain name or trademark or service mark that incorporates, in whole or in part, any of the CITADEL Trademarks;

vi. permitting access in the United States to any website operated by Citadel Capital which displays or utilizes the "Citadel Capital" name or the Citadel Capital Logo;

vii. engaging in any other activity constituting unfair competition or infringement of the CITADEL Trademarks or Plaintiffs' rights in, or to use, or to exploit the same; or

      viii.    assisting, aiding or abetting another person or business entity in engaging in or performing any of the activities enumerated in subparagraphs (i) through (vii) above.

(b) A finding that the acts of Citadel Capital constitute illegal cybersquatting in violation of 15 U.S.C. § 1125(d)(1)(A);

(c) A finding that the acts of Citadel Capital constitute trademark infringement in violation of 15 U.S.C. § 1114(1);

(d) A finding that the acts of Citadel Capital constitute false designation of origin in violation of 15 U.S.C. § 1125(a);

(e) A finding that the acts of Citadel Capital constitute trademark infringement in violation of the common law of the State of Illinois;

(f) A finding that the acts of Citadel Capital constitute unfair competition in violation of the common law of the State of Illinois;

(g) A finding that Citadel Capital's violations of Plaintiffs' trademark rights, under 15 U.S.C. §§ 1114 and 1125(a) and (d), are willful as a result of the actions complained of herein, and that this is an exceptional case pursuant to 15 U.S.C. § 1117(a);

(h) An award to Plaintiffs of monetary damages in an amount to be fixed by the Court in its discretion as just, including all of Citadel Capital's profits or gains of any kind resulting from the actions complained of herein, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117(a) and (b), and the common law of the State of Illinois;

(i) An award to Plaintiffs of their attorneys' fees and its costs and expenses of litigation, pursuant to 15 U.S.C. § 1117(a) and (b);

(j) An award to Plaintiffs of statutory damages pursuant to 15 U.S.C. § 1117(d), in the amount of $100,000, for Citadel Capital's willful violation of 15 U.S.C. § 1125(d)(1)(A);

(k) An order requiring the domain name registry for the Infringing Domain Name to transfer the Infringing Domain Name from the current registrar of record to a registrar of Plaintiffs' selection, which shall then register such domain names in the name of Plaintiffs;

(l) An order requiring the domain name registry for the Infringing Domain Name, upon notice by Plaintiffs, to transfer any future domain name(s) registered by Citadel Capital which consists, in whole or in part, of any of the CITADEL Trademarks or any marks confusingly similar thereto, from the current registrar of record to a registrar of Plaintiffs' selection, which shall then register such domain names in the name of Plaintiff;

(m) An order requiring Citadel Capital to file dissolution documents with the Illinois Secretary of State;

(n) An order requiring Citadel Capital and any principals, agents, servants, employees, successors and assigns of and all those in privity or concert with Citadel Capital who receive actual notice of said order, to deliver up for destruction all infringing products and all promotional, advertising and any other printed materials and items of any kind bearing (i) the designations "Citadel" or "Citadel Capital" and/or (ii) any other mark or design that is confusingly similar to the CITADEL Trademarks; and

(o) Such other and further relief as the Court may deem just, proper and equitable under the circumstances.

**Jury Demand**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

CITADEL INVESTMENT GROUP, LLC
and KCG IP HOLDINGS LLC

Date: August 17, 2009

*/s/ Daniel D. Rubinstein*
Daniel D. Rubinstein (6291249)
rubinsteindd@gtlaw.com
Paul D. McGrady, Jr. (6239525)
mcgradyp@gtlaw.com
Shoba Pillay (6295353)
pillays@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435